# EXHIBIT B

# COMPLAINT TO

# TRANS UNION, LLC

STATE OF MICHIGAN
IN THE 41A DISTRICT COURT

TIMOTHY EDWARDS,
      Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
a foreign limited liability company,
TRANS UNION, LLC,
a foreign limited liability company, and
CAINE & WEINER COMPANY, INC.,
a foreign profit corporation,
      Defendants.

_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFF, TIMOTHY EDWARDS, THROUGH COUNSEL,

CREDIT REPAIR LAWYERS OFAMERICA, BY GARY D. NITZKIN, and for his Complaint

against the Defendants, plead as follows:

### VENUE

1. The transactions and occurrences which give rise to this action occurred in Macomb

   Township, Macomb County, Michigan.

2. Venue is proper in 41A District Court in Macomb County, Michigan as the actions and

   occurrences recited herein occurred in Macomb Township, in Macomb County,

   Michigan.

3. The amount in controversy is less than twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. Plaintiff is a natural person residing in Macomb Township, Macomb County, Michigan.

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") which is a foreign limited liability company that conducts business in the State of Michigan;

   b. Trans Union, LLC ("Trans Union") which is a foreign limited liability company that conducts business in the State of Michigan; and

   c. Caine & Weiner Company, Inc. ("Caine & Weiner") which is a foreign profit corporation that maintains business in the State of Michigan.

## GENERAL ALLEGATIONS

6. Caine & Weiner is incorrectly reporting its trade line on Plaintiff's Equifax and Trans Union credit file ("Errant Trade Line").

7. The Errant Trade Line should not report on Mr. Edwards' credit file because he paid the account in full prior to Caine & Weiner reporting the trade line.

8. Several years ago, Mr. Edwards stored blood for his daughter with Cry-Cell International.

9. After storing the blood for about 10 years, and prior to November 11, 2016, Mr. Edwards cancelled his services.

10. On or about November 11, 2016, Mr. Edwards received a collection letter from Caine & Weiner.

11. On or about January 30, 2017, and out of frustration of trying to resolve the account, Mr. Edwards paid the alleged debt in full to Cry-Cell International.

2

12. On or about May 24, 2017, Mr. Edwards obtained his credit files and noticed that Caine & Weiner reported the Errant Trade Line.

13. The Errant Trade Line was first reported in April 2017, almost three months after the account was paid.

14. On or about June 29, 2017, Mr. Edwards submitted dispute letters to Equifax and Trans Union disputing the Errant Trade Line. He explained that he cancelled his services and paid the account in full to Cry-Cell International prior to Caine & Weiner reporting the Errant Trade Line. He attached proof of payment to the dispute letters and asked the credit bureaus to delete the Errant Trade Line.

15. Upon information and belief, Equifax and Trans Union submitted Mr. Edwards' consumer disputes to Caine & Weiner.

16. On or about July 11, 2017, Mr. Edwards received Equifax's investigation results which showed that Caine & Weiner continued to report the Errant Trade Line.

17. To date, Trans Union has not sent its reinvestigation results to Mr. Edwards.

18. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

3

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY CAINE & WEINER

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax of Mr. Edwards' consumer dispute to the Errant Trade Line, Caine & Weiner negligently failed to conduct a proper investigation of Mr. Edwards' dispute as required by 15 USC 1681s-2(b).

21. Caine & Weiner negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the Errant Trade Line from Mr. Edwards' credit file.

22. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Edwards' consumer credit file with Equifax to which it is reporting such trade line.

23. As a direct and proximate cause of Caine & Weiner's negligent failure to perform its duties under the FCRA, Mr. Edwards has suffered damages, mental anguish, suffering, humiliation and embarrassment.

24. Caine & Weiner is liable to Mr. Edwards by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Mr. Edwards has a private right of action to assert claims against Caine & Weiner arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Caine & Weiner for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

4

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAINE & WEINER

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Equifax that Mr. Edwards disputed the accuracy of the information it was providing, Caine & Weiner willfully failed to conduct a proper reinvestigation of Mr. Edwards' dispute.

28. Caine & Weiner willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of Caine & Weiner's willful failure to perform its respective duties under the FCRA, Mr. Edwards has suffered damages, mental anguish, suffering, humiliation and embarrassment.

30. Caine & Weiner is liable to Mr. Edwards for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Caine & Weiner for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Edwards as that term is defined in 15 USC 1681a.

33. Such reports contained information about Mr. Edwards that was false, misleading and inaccurate.

34. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Edwards, in violation of 15 USC 1681e(b).

35. After receiving Mr. Edwards' consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Edwards has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

37. Equifax is liable to Mr. Edwards by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

6

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Edwards as that term is defined in 15 USC 1681a.

40. Such reports contained information about Mr. Edwards that was false, misleading and inaccurate.

41. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Edwards, in violation of 15 USC 1681e(b).

42. After receiving Mr. Edwards' consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

43. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Edwards has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

44. Equifax is liable to Mr. Edwards by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along

with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Edwards as that term is defined in 15 USC 1681a.

47. Such reports contained information about Mr. Edwards that was false, misleading and inaccurate.

48. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Edwards, in violation of 15 USC 1681e(b).

49. After receiving Mr. Edwards' consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. Trans Union negligently failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period on the date which Trans Union received notice of the dispute from Plaintiff as required by 15 U.S.C. 1681i.

51. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Edwards has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

8

52. Trans Union is liable to Mr. Edwards by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Edwards as that term is defined in 15 USC 1681a.

55. Such reports contained information about Mr. Edwards that was false, misleading and inaccurate.

56. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Edwards, in violation of 15 USC 1681e(b).

57. After receiving Mr. Edwards' consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

58. Trans Union willfully failed to provide Plaintiff with the results of its reinvestigation before the end of the 30-day period on the date which Trans Union received notice of the dispute from Plaintiff as required by 15 U.S.C. 1681i.

9

59. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Edwards has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

60. Trans Union is liable to Mr. Edwards by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

Dated: August 21, 2017

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com

10